Emile Harmon  #024409
2140 E Thomas Road
Phoenix, AZ 85016
Telephone (480) 829-0494
notifications@harmonlegal.net

Attorney for Debtors

U.S. BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re: | ) | In Chapter 13 Proceedings |
|---|---|---|
| HARRY RAMON VALENZUELA | ) | Case No.: 2:13-bk-10533-EWH |
| BRENDA LEE VALENZUELA, | ) | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES** |
| Debtors, | ) | |

The Chapter 13 plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the plan of the Debtors as follows:

**(A)    INCOME SUBMITTED TO THE PLAN.**  Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u>  Debtors shall make the following monthly plan payments:

| Months | Amount |
|---|---|
| 1-60 | $ 1,242.00 |

The payments are due on or before the 19th day of each month, commencing July 19, 2013. The Plan and this order shall not constitute an informal proof of claim for any creditor. Debtor is instructed to remit all payments on or before the slated due date each month. Debtors are advised that when the payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the plan term. Any funding shortfall must be cured before the plan is deemed completed and case discharged.

This requirement is effective regardless of plan payment suspensions, waivers, or moratoriums, and must be included in any plan confirmation orders.

The debtors shall provide, directly to the Trustee copies of their federal and state income tax returns for post-petition years   2013, 2014, 2015, 2016,  and 2017 within fifteen (15) days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income. Debtors shall turn over to the trustee all net state and/or federal tax refunds for post-petition years as supplemental plan payments for the benefit of unsecured creditors.

(2)  Other Property. In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the plan be reduced to less than 60 months, exclusive of any property recovered by the trustee, unless all allowed claims are paid in full.

**(B)** **DURATION.** This plan shall continue for 60 months from the first regularly scheduled monthly payment described in paragraph (A) (1) above. If at any time before the end of the plan period all claims are paid, then the plan shall terminate.

**(C)** **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below.  The plan and this order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

**(1)** Administrative Expenses:

Attorney Fees.  Emile Harmon shall be allowed total compensation of $4,500.00. All services listed in paragraph (F)(1), except for adversary proceedings, are included in this flat fee amount. Counsel received $1,500.00 prior to filing this case and will be paid $3,000.00 by the Chapter 13 Trustee.

**(2)** Claims Secured by Real Property:

   NONE

**(3)** Claims Secured by Personal Property:

Americredit Financial Services/GM, secured by a lien on a 2013 Chevrolet Siverado, shall be paid $29,615.07 through the plan, plus 5.5% interest. This creditor will receive adequate protection payments of $293.00 per month.

Toyota Motor Credit Corporation, secured by a lien on a 2010 Toyota Prius, shall be paid $24,197.64 through the plan, plus 5.5% interest. This creditor will receive adequate protection payments of $240.00 per month.

**(4)** Unsecured Priority Claims:

The Arizona Department of Revenue has filed a priority proof of claim for $1,721.25. AZDOR shall be paid the priority amount of $1,721.25. In addition AZDOR has claimed a non-priority amount of $107.16 which shall be treated as per paragraph (7).

**(5)** Surrendered Property: Upon confirmation of this plan or except as otherwise ordered by the court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.
Debtors have surrendered the following property:

Rresidence located at 10203 N 53rd Avenue Glendale, AZ 85302

**(6)** Other Provisions: 2013 NET tax refunds will be turned over to the Trustee to be applied as supplemental payment for the benefit of creditors.

**(7)** Unsecured Nonpriority Claims: All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of payments under the plan and any unsecured debt balance remaining unpaid at the end of the plan may be discharged as provided in 11 U.S.C § 1328.

**(D)** **EFFECTIVE DATE AND VESTING.** The effective date of the plan shall be the date of this order. Property of the estate vests in debtors upon confirmation.

Dated this ____ Day of _____ 2014

United States Bankruptcy Judge

APPROVED AS TO FORM AND CONTENT

_____

Russell Brown

Trustee

_____

Emile Harmon

Attorney for Debtors

Debtors hereby certify they have filed all required state and federal income tax returns, and do not owe any domestic support obligations.

_____

Harry Ramon Valenzuela

_____

Brenda Lee Valenzuela

Valenzuela 13-10533 - 4